## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| USCONNECT, LLC, | ) |
| | ) Civil Action No. 1:26-cv-771 |
| Plaintiff, | ) |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| CANTALOUPE, LLC (f/k/a | ) |
| CANTALOUPE, INC. | ) |
| and USA TECHNOLOGIES, INC.), | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENTS

Plaintiff USConnect, LLC ("USConnect"), by and through its undersigned counsel, for its Complaint for declaratory judgment against Defendant Cantaloupe, LLC (f/k/a Cantaloupe, Inc. and USA Technologies, Inc.) ("Cantaloupe"), alleges as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory judgment arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq. USConnect seeks a declaration that it does not infringe, and has not infringed, any valid claim of the eight United States patents that Cantaloupe has affirmatively asserted against USConnect, and a further declaration that each of those patents is invalid.

2. The patents at issue are U.S. Patent No. 8,103,380; U.S. Patent No. 9,286,588; U.S. Patent No. 8,311,867; U.S. Patent No. 8,571,705; U.S. Patent No. 7,894,938; U.S. Patent No. 8,788,341; U.S. Patent No. 8,583,280; and U.S. Patent No. 9,972,158 (collectively, the "Cantaloupe Patents"). Cantaloupe has placed the Cantaloupe Patents directly in controversy by

1

alleging that USConnect's retail operating system (known as *ConnectHQ)* infringes one or more of them.

3. An immediate, real, and justiciable controversy of sufficient immediacy and reality exists between USConnect and Cantaloupe concerning the non-infringement and invalidity of the Cantaloupe Patents, warranting the issuance of declaratory relief by this Court.

## THE PARTIES

4. Plaintiff USConnect, LLC is a limited liability company organized under the laws of the State of North Carolina, with its principal place of business at 324 S. Elm Street, Suite 400, Greensboro, North Carolina 27401.

5. Upon information and belief, Defendant Cantaloupe, LLC is a limited liability company with its principal place of business at 101 Lindenwood Drive, Suite 405, Malvern, Pennsylvania 19355. Cantaloupe was formerly known as USA Technologies, Inc. ("USAT"), was rebranded as Cantaloupe, Inc. in or about April 2021, and converted to a limited liability company known as Cantaloupe, LLC on or about May 8, 2026. Upon information and belief, Cantaloupe is the current owner by assignment of the Cantaloupe Patents.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), because the action arises under the patent laws of the United States, and under 28 U.S.C. §§ 2201 and 2202, because it seeks declaratory relief with respect to an actual controversy arising under those laws.

7. An actual, substantial, and continuing justiciable controversy exists between USConnect and Cantaloupe having adverse legal interests, of sufficient immediacy and reality to warrant declaratory relief. Cantaloupe has affirmatively and expressly accused USConnect of infringing the Cantaloupe Patents, and USConnect denies that it infringes any valid claim of any

2

Cantaloupe Patent. Absent a declaration of the parties' respective rights, USConnect will be subjected to continued uncertainty and to the threat of liability asserted by Cantaloupe.

8. This Court has personal jurisdiction over Cantaloupe. Upon information and belief, Cantaloupe regularly and systematically transacts business in the State of North Carolina and in this District, including by marketing, selling, licensing, installing, and servicing its cashless-payment devices and cloud-based software to numerous customers located in North Carolina, and derives substantial revenue from those activities. Cantaloupe has purposefully availed itself of the privilege of conducting business in North Carolina and maintains continuous and systematic contacts with this forum, and the claims in this action arise out of and relate to Cantaloupe's contacts with North Carolina and to USConnect's development and offering of the accused software from its principal place of business in this District. The exercise of personal jurisdiction over Cantaloupe accordingly comports with due process.

9. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c). A substantial part of the events giving rise to USConnect's claims occurred in this District, including USConnect's development and offering of *ConnectHQ* from its principal place of business in Greensboro, North Carolina. In addition, Cantaloupe is subject to personal jurisdiction in this District in that Cantaloupe conducts substantial business in this District, including through its customers and other contacts located here.

## THE ACTUAL CONTROVERSY

10. USConnect provides a host of services to businesses that operate in the convenience services industry (which includes operators of stand-alone micro markets, self-service kiosks, office coffee services, vending machines and other devices in unattended retail environments). The services USConnect provides to such operators include telemetry connectivity, inventory tracking, a national account sales program, advertising, data analytics and

3

a proprietary loyalty/rewards program. USConnect has recently launched its first retail operating system, known as *ConnectHQ*, which is a comprehensive enterprise operating system that integrates accounting and operational aspects of an operator's business. Cantaloupe claims to own all of the Cantaloupe Patents.

11. Cantaloupe and USConnect are parties to a July 15, 2020 services agreement (as amended, the "Agreement"). In connection with the Agreement, USConnect commenced an arbitration based upon claims that Cantaloupe had breached various payment terms under the Agreement.[1]

12. Cantaloupe recently attempted to amend its counterclaim in the Arbitration to include specific claims that: it owned the Cantaloupe Patents (specifically identifying the eight patents by number); that *ConnectHQ* "infringes and/or has infringed" on one or more of the Cantaloupe Patents; and that the information necessary to establish infringement is within USConnect's possession.

13. In its proposed amended counterclaim, Cantaloupe further alleged that USConnect had offered *ConnectHQ* for sale and, in doing so, caused damage to Cantaloupe, thereby giving rise to claims of infringement.

14. By these allegations, Cantaloupe has expressly and unequivocally accused USConnect of infringing each of the Cantaloupe Patents.[2]

---

[1] USConnect and Cantaloupe are parties to a pending arbitration before the American Arbitration Association, captioned *USConnect, LLC v. Cantaloupe, LLC*, AAA Case No. 01-25-0009-5790 (the "Arbitration"), related to payments due in relation to the Agreement.
[2] The arbitrator ultimately refused to allow Cantaloupe to assert its patent infringement claims in the Arbitration, and so those claims are not a part of the arbitration proceeding. USConnect denies any such claims are subject to arbitration.

4

15. USConnect denies that *ConnectHQ*, or any USConnect product or service, infringes or has infringed any valid claim of any Cantaloupe Patent, and contends that each of the Cantaloupe Patents is invalid. A definite, concrete and genuine controversy therefore exists between the parties regarding the non-infringement and invalidity of the Cantaloupe Patents. USConnect brings this action to resolve that controversy.

### THE PATENTS-IN-SUIT

16. U.S. Patent No. 8,103,380 (the "'380 Patent"), entitled *Remote management of vending machines*, issued on Jan. 24, 2012. The '380 Patent names Cantaloupe Systems, Inc as the assignee. USConnect is informed and believes that Cantaloupe purports to be the current owner of the '380 Patent and now purports to assert it against USConnect.

17. U.S. Patent No. 9,286,588 (the "'588 Patent"), entitled *Vending machine service scheduling*, issued on Mar. 15, 2016. The '588 Patent names Cantaloupe Systems, Inc as the assignee. USConnect is informed and believes that Cantaloupe purports to be the current owner of the '588 Patent and now purports to assert it against USConnect.

18. U.S. Patent No. 8,311,867 (the "'867 Patent"), entitled *Vending machine service scheduling taking into account hardness data indicating importance of minimizing the number of service visits to a vending machine and/or to the vending machine's location,* issued on Nov. 13, 2012. The '867 Patent names Cantaloupe Systems, Inc as the assignee. USConnect is informed and believes that Cantaloupe purports to be the current owner of the '867 Patent and now purports to assert it against USConnect.

19. U.S. Patent No. 8,571,705 (the "'705 Patent"), entitled *Vending machine service scheduling,* issued on Oct. 29, 2013. The '705 Patent names Cantaloupe Systems, Inc as the

assignee. USConnect is informed and believes that Cantaloupe purports to be the current owner of the '705 Patent and now purports to assert it against USConnect.

20. U.S. Patent No. 7,894,938 (the "'938 Patent"), entitled *Vending machine service scheduling*, issued on Feb. 22, 2011. The '938 Patent names Cantaloupe Systems, Inc as the assignee. USConnect is informed and believes that Cantaloupe purports to be the current owner of the '938 Patent and now purports to assert it against USConnect.

21. U.S. Patent No. 8,788,341 (the "'341 Patent"), entitled *Vending machine systems using standard inventory control system components*, issued on Jul. 22, 2014. The '341 Patent names VendScreen, Inc. as the assignee. USConnect is informed and believes that Cantaloupe purports to be the current owner of the '341 Patent and now purports to assert it against USConnect.

22. U.S. Patent No. 8,583,280 (the "'280 Patent"), entitled *Vending machine nutritional information display system using standard inventory control system components*, issued on Nov. 12, 2013. The '280 Patent names VendScreen, Inc. as the assignee. USConnect is informed and believes that Cantaloupe purports to be the current owner of the '280 Patent and now purports to assert it against USConnect.

23. U.S. Patent No. 9,972,158 (the "'158 Patent"), entitled *Method and device of automatically determining a planogram in vending*, issued on May 15 , 2018. The '158 Patent names Cantaloupe Systems, Inc as the assignee. USConnect is informed and believes that Cantaloupe purports to be the current owner of the '158 Patent and now purports to assert it against USConnect.

24. Upon information and belief, several of the Cantaloupe Patents claim priority to applications filed in or about 2005 and 2009 and may have expired or may be near expiration. Cantaloupe nonetheless asserts that USConnect "has infringed" the Cantaloupe Patents, thereby

6

placing past infringement of each Cantaloupe Patent, and the validity of each Cantaloupe Patent, in controversy.

## COUNT I

### (Declaratory Judgment of Non-Infringement of the '380 Patent)

25. USConnect repeats and realleges each of the foregoing paragraphs 1-24 as though fully set forth herein.

26. An actual and justiciable controversy exists between USConnect and Cantaloupe as to whether USConnect has infringed any valid and enforceable claim of the '380 Patent, by reason of Cantaloupe's assertion of that patent against USConnect as set forth in Paragraphs 10-15 of this Complaint.

27. USConnect has not infringed and does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, and has not contributed to or induced infringement of, any valid and enforceable claim of the '380 Patent. Neither *ConnectHQ* nor any other USConnect product or service embodies or practices each and every limitation of any claim of the '380 Patent.

28. USConnect is entitled to a declaratory judgment that it has not infringed and does not infringe any claim of the '380 Patent.

## COUNT II

### (Declaratory Judgment of Invalidity of the '380 Patent)

29. USConnect repeats and realleges each of the foregoing paragraphs 1-24 as though fully set forth herein.

30. An actual and justiciable controversy exists between USConnect and Cantaloupe as to the validity of the '380 Patent, by reason of Cantaloupe's assertion of that patent against USConnect as set forth in Paragraphs 10-15 of this Complaint.

7

31. The claims of the '380 Patent are invalid for failure to satisfy one or more of the conditions and requirements for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

32. Upon information and belief, the '380 Patent is invalid under 35 U.S.C. § 101 because one or more claims of the '380 Patent is directed to patent-ineligible subject matter, including one or more abstract ideas, and does not recite an inventive concept sufficient to transform the claim into a patent-eligible application, as will be determined at trial.

33. Upon information and belief, the '380 Patent is invalid under 35 U.S.C. § 102 and/or § 103 because one or more claims of the '380 Patent is anticipated and/or rendered obvious to one of ordinary skill in the art in view of relevant prior art references as will be determined at trial.

34. Upon information and belief, the '380 Patent is invalid under 35 U.S.C. § 112 because one or more claims of the '380 Patent fails to satisfy one or more requirements of that section, including the written description, enablement, and/or definiteness requirements, as will be determined at trial.

35. USConnect is entitled to a declaratory judgment that each claim of the '380 Patent is invalid.

**COUNT III**

**(Declaratory Judgment of Non-Infringement of the '588 Patent)**

36. USConnect repeats and realleges each of the foregoing paragraphs 1-24 as though fully set forth herein.

37. An actual and justiciable controversy exists between USConnect and Cantaloupe as to whether USConnect has infringed any valid and enforceable claim of the '588 Patent, by

8

reason of Cantaloupe's assertion of that patent against USConnect as set forth in Paragraphs 10-15 of this Complaint.

38.     USConnect has not infringed and does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, and has not contributed to or induced infringement of, any valid and enforceable claim of the '588 Patent. Neither *ConnectHQ* nor any other USConnect product or service embodies or practices each and every limitation of any claim of the '588 Patent.

39.     USConnect is entitled to a declaratory judgment that it has not infringed and does not infringe any claim of the '588 Patent.

**COUNT IV**

**(Declaratory Judgment of Invalidity of the '588 Patent)**

40.     USConnect repeats and realleges each of the foregoing paragraphs 1-24 as though fully set forth herein.

41.     An actual and justiciable controversy exists between USConnect and Cantaloupe as to the validity of the '588 Patent, by reason of Cantaloupe's assertion of that patent against USConnect as set forth in Paragraphs 10-15 of this Complaint.

42.     The claims of the '588 Patent are invalid for failure to satisfy one or more of the conditions and requirements for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

43.     Upon information and belief, the '588 Patent is invalid under 35 U.S.C. § 101 because one or more claims of the '588 Patent is directed to patent-ineligible subject matter, including one or more abstract ideas, and does not recite an inventive concept sufficient to transform the claim into a patent-eligible application, as will be determined at trial.

9

44. Upon information and belief, the '588 Patent is invalid under 35 U.S.C. § 102 and/or § 103 because one or more claims of the '588 Patent is anticipated and/or rendered obvious to one of ordinary skill in the art in view of relevant prior art references as will be determined at trial.

45. Upon information and belief, the '588 Patent is invalid under 35 U.S.C. § 112 because one or more claims of the '588 Patent fails to satisfy one or more requirements of that section, including the written description, enablement, and/or definiteness requirements, as will be determined at trial.

46. USConnect is entitled to a declaratory judgment that each claim of the '588 Patent is invalid.

## COUNT V

### (Declaratory Judgment of Non-Infringement of the '867 Patent)

47. USConnect repeats and realleges each of the foregoing paragraphs 1-24 as though fully set forth herein.

48. An actual and justiciable controversy exists between USConnect and Cantaloupe as to whether USConnect has infringed any valid and enforceable claim of the '867 Patent, by reason of Cantaloupe's assertion of that patent against USConnect as set forth in Paragraphs 10-15 of this Complaint.

49. USConnect has not infringed and does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, and has not contributed to or induced infringement of, any valid and enforceable claim of the '867 Patent. Neither *ConnectHQ* nor any other USConnect product or service embodies or practices each and every limitation of any claim of the '867 Patent.

10

50. USConnect is entitled to a declaratory judgment that it has not infringed and does not infringe any claim of the '867 Patent.

## COUNT VI

### (Declaratory Judgment of Invalidity of the '867 Patent)

51. USConnect repeats and realleges each of the foregoing paragraphs 1-24 as though fully set forth herein.

52. An actual and justiciable controversy exists between USConnect and Cantaloupe as to the validity of the '867 Patent, by reason of Cantaloupe's assertion of that patent against USConnect as set forth in Paragraphs 10-15 of this Complaint.

53. The claims of the '867 Patent are invalid for failure to satisfy one or more of the conditions and requirements for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

54. Upon information and belief, the '867 Patent is invalid under 35 U.S.C. § 101 because one or more claims of the '867 Patent is directed to patent-ineligible subject matter, including one or more abstract ideas, and does not recite an inventive concept sufficient to transform the claim into a patent-eligible application, as will be determined at trial.

55. The '867 Patent is invalid under 35 U.S.C. § 102 and/or § 103 because one or more claims of the '867 Patent is anticipated and/or rendered obvious to one of ordinary skill in the art in view of relevant prior art references as will be determined at trial.

56. The '867 Patent is invalid under 35 U.S.C. § 112 because one or more claims of the '867 Patent fails to satisfy one or more requirements of that section, including the written description, enablement, and/or definiteness requirements, as will be determined at trial.

57. USConnect is entitled to a declaratory judgment that each claim of the '867 Patent is invalid.

## COUNT VII

### (Declaratory Judgment of Non-Infringement of the '705 Patent)

58. USConnect repeats and realleges each of the foregoing paragraphs 1-24 as though fully set forth herein.

59. An actual and justiciable controversy exists between USConnect and Cantaloupe as to whether USConnect has infringed any valid and enforceable claim of the '705 Patent, by reason of Cantaloupe's assertion of that patent against USConnect as set forth in Paragraphs 10-15 of this Complaint.

60. USConnect has not infringed and does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, and has not contributed to or induced infringement of, any valid and enforceable claim of the '705 Patent. Neither *ConnectHQ* nor any other USConnect product or service embodies or practices each and every limitation of any claim of the '705 Patent.

61. USConnect is entitled to a declaratory judgment that it has not infringed and does not infringe any claim of the '705 Patent.

## COUNT VIII

### (Declaratory Judgment of Invalidity of the '705 Patent)

62. USConnect repeats and realleges each of the foregoing paragraphs 1-24 as though fully set forth herein.

63. An actual and justiciable controversy exists between USConnect and Cantaloupe as to the validity of the '705 Patent, by reason of Cantaloupe's assertion of that patent against USConnect as set forth in Paragraphs 10-15 of this Complaint.

12

64. The claims of the '705 Patent are invalid for failure to satisfy one or more of the conditions and requirements for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

65. Upon information and belief, the '705 Patent is invalid under 35 U.S.C. § 101 because one or more claims of the '705 Patent is directed to patent-ineligible subject matter, including one or more abstract ideas, and does not recite an inventive concept sufficient to transform the claim into a patent-eligible application, as will be determined at trial.

66. Upon information and belief, the '705 Patent is invalid under 35 U.S.C. § 102 and/or § 103 because one or more claims of the '705 Patent is anticipated and/or rendered obvious to one of ordinary skill in the art in view of relevant prior art references as will be determined at trial.

67. Upon information and belief, the '705 Patent is invalid under 35 U.S.C. § 112 because one or more claims of the '705 Patent fails to satisfy one or more requirements of that section, including the written description, enablement, and/or definiteness requirements, as will be determined at trial.

68. USConnect is entitled to a declaratory judgment that each claim of the '705 Patent is invalid.

<strong>COUNT IX</strong>

<strong>(Declaratory Judgment of Non-Infringement of the '938 Patent)</strong>

69. USConnect repeats and realleges each of the foregoing paragraphs 1-24 as though fully set forth herein.

70. An actual and justiciable controversy exists between USConnect and Cantaloupe as to whether USConnect has infringed any valid and enforceable claim of the '938 Patent, by

13

reason of Cantaloupe's assertion of that patent against USConnect as set forth in Paragraphs 10-15 of this Complaint.

71.     USConnect has not infringed and does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, and has not contributed to or induced infringement of, any valid and enforceable claim of the '938 Patent. Neither *ConnectHQ* nor any other USConnect product or service embodies or practices each and every limitation of any claim of the '938 Patent.

72.     USConnect is entitled to a declaratory judgment that it has not infringed and does not infringe any claim of the '938 Patent.

## COUNT X

### (Declaratory Judgment of Invalidity of the '938 Patent)

73.     USConnect repeats and realleges each of the foregoing paragraphs 1-24 as though fully set forth herein.

74.     An actual and justiciable controversy exists between USConnect and Cantaloupe as to the validity of the '938 Patent, by reason of Cantaloupe's assertion of that patent against USConnect as set forth in Paragraphs 10-15 of this Complaint.

75.     The claims of the '938 Patent are invalid for failure to satisfy one or more of the conditions and requirements for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

76.     Upon information and belief, the '938 Patent is invalid under 35 U.S.C. § 101 because one or more claims of the '938 Patent is directed to patent-ineligible subject matter, including one or more abstract ideas, and does not recite an inventive concept sufficient to transform the claim into a patent-eligible application, as will be determined at trial.

14

77. Upon information and belief, the '938 Patent is invalid under 35 U.S.C. § 102 and/or § 103 because one or more claims of the '938 Patent is anticipated and/or rendered obvious to one of ordinary skill in the art in view of relevant prior art references as will be determined at trial.

78. Upon information and belief, the '938 Patent is invalid under 35 U.S.C. § 112 because one or more claims of the '938 Patent fails to satisfy one or more requirements of that section, including the written description, enablement, and/or definiteness requirements, as will be determined at trial.

79. USConnect is entitled to a declaratory judgment that each claim of the '938 Patent is invalid.

**COUNT XI**

**(Declaratory Judgment of Non-Infringement of the '341 Patent)**

80. USConnect repeats and realleges each of the foregoing paragraphs 1-24 as though fully set forth herein.

81. An actual and justiciable controversy exists between USConnect and Cantaloupe as to whether USConnect has infringed any valid and enforceable claim of the '341 Patent, by reason of Cantaloupe's assertion of that patent against USConnect as set forth in Paragraphs 10-15 of this Complaint.

82. USConnect has not infringed and does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, and has not contributed to or induced infringement of, any valid and enforceable claim of the '341 Patent. Neither *ConnectHQ* nor any other USConnect product or service embodies or practices each and every limitation of any claim of the '341 Patent.

15

83. USConnect is entitled to a declaratory judgment that it has not infringed and does not infringe any claim of the '341 Patent.

**COUNT XII**

**(Declaratory Judgment of Invalidity of the '341 Patent)**

84. USConnect repeats and realleges each of the foregoing paragraphs 1-24 as though fully set forth herein.

85. An actual and justiciable controversy exists between USConnect and Cantaloupe as to the validity of the '341 Patent, by reason of Cantaloupe's assertion of that patent against USConnect as set forth in Paragraphs 10-15 of this Complaint.

86. The claims of the '341 Patent are invalid for failure to satisfy one or more of the conditions and requirements for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, and/or 103.

87. Upon information and belief, the '341 Patent is invalid under 35 U.S.C. § 101 because one or more claims of the '341 Patent is directed to patent-ineligible subject matter, including one or more abstract ideas, and does not recite an inventive concept sufficient to transform the claim into a patent-eligible application, as will be determined at trial.

88. Upon information and belief, the '341 Patent is invalid under 35 U.S.C. § 102 and/or § 103 because one or more claims of the '341 Patent is anticipated and/or rendered obvious to one of ordinary skill in the art in view of relevant prior art references as will be determined at trial.

89. USConnect is entitled to a declaratory judgment that each claim of the '341 Patent is invalid.

16

**COUNT XIII**

**(Declaratory Judgment of Non-Infringement of the '280 Patent)**

90. USConnect repeats and realleges each of the foregoing paragraphs 1-24 as though fully set forth herein.

91. An actual and justiciable controversy exists between USConnect and Cantaloupe as to whether USConnect has infringed any valid and enforceable claim of the '280 Patent, by reason of Cantaloupe's assertion of that patent against USConnect as set forth in Paragraphs 10-15 of this Complaint.

92. USConnect has not infringed and does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, and has not contributed to or induced infringement of, any valid and enforceable claim of the '280 Patent. Neither *ConnectHQ* nor any other USConnect product or service embodies or practices each and every limitation of any claim of the '280 Patent.

93. USConnect is entitled to a declaratory judgment that it has not infringed and does not infringe any claim of the '280 Patent.

**COUNT XIV**

**(Declaratory Judgment of Invalidity of the '280 Patent)**

94. USConnect repeats and realleges each of the foregoing paragraphs 1-24 as though fully set forth herein.

95. An actual and justiciable controversy exists between USConnect and Cantaloupe as to the validity of the '280 Patent, by reason of Cantaloupe's assertion of that patent against USConnect as set forth in Paragraphs 10-15 of this Complaint.

17

96. The claims of the '280 Patent are invalid for failure to satisfy one or more of the conditions and requirements for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

97. Upon information and belief, the '280 Patent is invalid under 35 U.S.C. § 101 because one or more claims of the '280 Patent is directed to patent-ineligible subject matter, including one or more abstract ideas, and does not recite an inventive concept sufficient to transform the claim into a patent-eligible application, as will be determined at trial.

98. Upon information and belief, the '280 Patent is invalid under 35 U.S.C. § 102 and/or § 103 because one or more claims of the '280 Patent is anticipated and/or rendered obvious to one of ordinary skill in the art in view of relevant prior art references as will be determined at trial.

99. Upon information and belief, the '280 Patent is invalid under 35 U.S.C. § 112 because one or more claims of the '280 Patent fails to satisfy one or more requirements of that section, including the written description, enablement, and/or definiteness requirements, as will be determined at trial.

100. USConnect is entitled to a declaratory judgment that each claim of the '280 Patent is invalid.

## COUNT XV

**(Declaratory Judgment of Non-Infringement of the '158 Patent)**

101. USConnect repeats and realleges each of the foregoing paragraphs 1-24 as though fully set forth herein.

102. An actual and justiciable controversy exists between USConnect and Cantaloupe as to whether USConnect has infringed any valid and enforceable claim of the '158 Patent, by

18

reason of Cantaloupe's assertion of that patent against USConnect as set forth in Paragraphs 10-15 of this Complaint.

103. USConnect has not infringed and does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, and has not contributed to or induced infringement of, any valid and enforceable claim of the '158 Patent. Neither *ConnectHQ* nor any other USConnect product or service embodies or practices each and every limitation of any claim of the '158 Patent.

104. USConnect is entitled to a declaratory judgment that it has not infringed and does not infringe any claim of the '158 Patent.

## COUNT XVI

### (Declaratory Judgment of Invalidity of the '158 Patent)

105. USConnect repeats and realleges each of the foregoing paragraphs 1-24 as though fully set forth herein.

106. An actual and justiciable controversy exists between USConnect and Cantaloupe as to the validity of the '158 Patent, by reason of Cantaloupe's assertion of that patent against USConnect as set forth in Paragraphs 10-15 of this Complaint.

107. The claims of the '158 Patent are invalid for failure to satisfy one or more of the conditions and requirements for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

108. Upon information and belief, the '158 Patent is invalid under 35 U.S.C. § 101 because one or more claims of the '158 Patent is directed to patent-ineligible subject matter, including one or more abstract ideas, and does not recite an inventive concept sufficient to transform the claim into a patent-eligible application, as will be determined at trial.

19

109. Upon information and belief, the '158 Patent is invalid under 35 U.S.C. § 102 and/or § 103 because one or more claims of the '158 Patent is anticipated and/or rendered obvious to one of ordinary skill in the art in view of relevant prior art references as will be determined at trial.

110. Upon information and belief, the '158 Patent is invalid under 35 U.S.C. § 112 because one or more claims of the '158 Patent fails to satisfy one or more requirements of that section, including the written description, enablement, and/or definiteness requirements, as will be determined at trial.

111. USConnect is entitled to a declaratory judgment that each claim of the '158 Patent is invalid.

**PRAYER FOR RELIEF**

WHEREFORE, USConnect respectfully requests that this Court enter judgment in its favor and against Cantaloupe as follows:

A.   Declaring that USConnect has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of any of the Cantaloupe Patents;

B.   Declaring that each claim of each of the Cantaloupe Patents is invalid;

C.   Declaring that this is an exceptional case and awarding USConnect its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

D.   Awarding USConnect its costs of suit; and

E.   Awarding USConnect such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, USConnect demands a trial by jury on all issues so triable.

Dated: August 6, 2026

Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP

By: */s/ Philip J. Mohr*
    Philip J. Mohr (N.C. Bar No. 24427)
    Stephen F. Shaw (N.C. Bar No. 41582)
    300 N. Greene Street, Suite 1900
    Greensboro North Carolina, 27403
    Phone: 336-574-8030
    Fax: 336-574-4521
    Email: philip.mohr@wbd-us.com
            stephen.shaw@wbd-us.com

*Attorneys for Plaintiff USConnect, LLC*